57 So.2d 670

**RAMSEY et al. v. MURPHY.**

No. 39836.

Feb. 18, 1952.

Dhu Thompson and Lea S. Thompson, Monroe, for plaintiffs-appellants.

Harvey G. Fields, Farmerville, and J. H. Dorman, Monroe, for defendant-appellee.

PONDER, Justice.

The plaintiffs have appealed from a judgment rejecting their demand to be decreed the owners of a one-third interest in 200 acres of land located in Union Parish.

Susan A. Ramsey, the wife of William Collins, acquired the 200 acres of land, involved in this suit, in August 1881 in an act of partition between her and her children, heirs of her previous husband, James Ramsey, deceased. She and William Collins lived on the property until his death on December 9, 1900. She remained on the property until her death on January 23, 1901. She left as her heirs three sets of grandchildren. One set of her grandchildren were the heirs of John A. Ramsey, a deceased son; another set were the sole heirs of Lizzie Poston, who had previously died; and the plaintiffs herein were the sole heirs of her son Franklin P. Ramsey, de-

ceased. R. L. Poston, the son of Lizzie Poston, moved on the property five or six years before the death of his grandmother, Susan Collins, and her husband, William Collins. He and his family were the only ones living on the property when William Collins and Susan Collins died. On April 9, 1901, R. L. Poston petitioned the court to appoint him administrator. He alleged in his petition that William Collins and his wife Susan Ann Collins had died intestate leaving a community consisting of 200 acres of land and a small amount of personal property; that it was necessary to administer this estate in order to pay the debts due by the succession; that the debts were $700 for services rendered by him, $30 he had advanced for medical services and $25 for funeral expenses; that the 200 acres of land was worth $250 and one bed and bedstead was worth $5, making a total of $255.

After Poston was duly appointed administrator, he petitioned the district court for an order authorizing him, after due and legal notice, to sell so much of the property as necessary to pay the debts of the succession and the cost of the administration. An order was issued authorizing him to sell the property or so much thereof as necessary to pay the debts, after due and legal advertisement. The 200 acres of land was deeded to J. T. Davis, the last and highest bidder, for the sum of $250, cash, on June 14, 1901. A final account was filed and homologated and the administrator was dis-

charged on August 26, 1901. On April 26, 1901, J. T. Davis sold the property to R. L. Poston for the sum of $250, cash. Poston and his family lived on the property until the 10th day of November 1943, at which time he sold the land to Wence Highshaw for $3,000. Highshaw lived on the property as owner until the 29th day of September 1945, at which time he sold the property to Charles H. Murphy, Sr. Highshaw remained on the property as the tenant of Murphy until this was instituted.

The plaintiffs, the heirs of Franklin P. Ramsey, brought this suit against Charles H. Murphy, Sr., the defendant, on August 12, 1947, seeking to be decreed the owners of a one-third interest in the property and to have the administrator's deed from R. L. Poston to J. T. Davis and the deed from Davis to Poston to be declared fraudulent simulations and, in the alternative, that the purported transfers be declared fraudulent, null and void. The defendant excepted to the petition on the ground that it disclosed no right or cause of action. He pleaded the five-year prescription as a bar to the attack on the succession sale and the acquisitive prescription of ten and thirty years. He also pleaded estoppel. The exceptions and pleas were disposed of, an answer was filed and the case was tried on its merits. The lower court gave judgment sustaining the plea of thirty years prescription and rejected plaintiffs' demands. The plaintiffs have appealed.

The plaintiffs contend that the administrator's deed to Davis was an absolute nullity for the reason that it was an attempt to sell the individual property of Susan Collins to pay debts of the community, and that by this fraudulent scheme Poston deprived his co-heirs of their interest in their grandmother's estate. They also contend that the re-transfer of the property by Davis to Poston was part of the fraudulent intention and scheme which was used by Poston to deprive his co-heirs of their interest in the property. The plaintiffs state that no opposition was made by them to these proceedings because they were minors at that time. Neither Poston or Davis have been made parties to the suit. The plaintiffs further contend that the defendant cannot tack the possession of Poston and Davis on his possession and the possession of Highshaw because there was no legal privity of contract and, without the tacking of the possession of Poston and Davis, that the possession of Highshaw and Murphy was not of sufficient duration to support the plea of either the ten or thirty years acquisitive prescription. The plaintiffs point out that prescription could not run against them until after they had reached the age of majority.

At the time the property was sold to Davis and transferred to Poston, the youngest of the plaintiffs was five years old and the eldest was fifteen years old. The youngest of the plaintiffs reached his majority in 1917, or thirty years before the present suit was instituted. The other plaintiffs reached their majority at an earlier date. Such being true, the establishment of a continued, open and notorious corporeal adverse possession of the property for a period of thirty years after the plaintiffs had reached their majority would be sufficient to support the plea of thirty years prescription. The evidence shows that Poston lived on and exercised ownership over the entire 200 acres of land from the time he acquired it in 1901 until he disposed of it to Highshaw in 1943. Highshaw has had possession of the property, as owner and as tenant of Murphy, from that day until the date this suit was filed. The testimony shows that Poston fenced in all of the property, except approximately 35 acres, more than thirty years before this suit was filed and that the boundaries between this property and adjacent landowners was well defined. Since 1901 the property has been assessed to Poston and his successors in title and all the taxes have been paid by them. All the pine timber on the land, eight inches and over, was sold by Poston to the Union Sawmill Company on February 13, 1906. He executed an oil and gas lease to J. N. Elder on August 20, 1909. All the white oak, fifteen inches and up, on the entire tract of land was sold by Poston to the Cornie Stave Company on April 7, 1911. Poston mortgaged the property to the Federal Land Bank on February 27, 1923 to secure a loan of $1,200. He ex-

ecuted an oil and gas lease to W. P. Head on June 28, 1923. Poston sold to Dykes Breathwit Lumber Company all of the merchantable timber on the property, eight inches and over in diameter, on December 15, 1925. He executed a mineral lease to Robert F. Kennon on February 21, 1936. After careful review of all the testimony in this case and the above recited instruments showing dominion over the property, the conclusion is inescapable that Poston had open, notorious corporeal possession of the property from 1901 until the property was conveyed to Highshaw in 1943, that Highshaw had possession of the property as owner until he sold the property to the defendant and Highshaw has had possession under a written lease from the defendant as his tenant until the day the suit was instituted.

Article 3475, Revised Civil Code provides: "Immovables are prescribed for by thirty years without any title on the part of the possessor, or whether he be in good faith or not."

Article 3430, R.C.C., provides: "Natural possession is also defined to be the corporeal detention of a thing which we possess as belonging to us, without any title to that possession, or with a title which is void."

Article 3499, Revised Civil Code provides: "The ownership of immovables is prescribed for by thirty years without any need of title or possession in good faith."

Article 3500, R.C.C. provides: "The possession on which this prescription is founded must be continuous and uninterrupted during all the time; it must be public and unequivocal, and under the title of owner."

Article 3501, Revised Civil Code provides: "The possession necessary for this species of prescription, when it has commenced by the corporal possession of the thing, may, if it has not been interrupted, be preserved by external and public signs, announcing the possessor's intention to preserve the possession of the thing, as the keeping up of roads and levees, the payment of taxes, and other similar acts."

Article 3502, R.C.C. provides: "A man may even retain the civil possession of an estate, sufficient to prescribe, so long as there remain on it any vestiges of works erected by him, as, for example, the ruins of a house."

Article 3503, R.C.C. provides: "How favorable soever prescription may be, it shall be restricted within just limits. Thus, in the prescription of thirty years, which is acquired without title, it extends only to that which has been actually possessed by the person pleading it."

Article 3505, R.C.C. provides: "All the rules established in the preceding paragraph with regard to the prescription of ten years, are applicable to the prescription of thirty years, except in the provisions contained

in the present paragraph, which are contrary to or incompatible with them."

Article 3495, Revised Civil Code provides: "But to enjoy this advantage, the different possessions must have succeeded each other without interval or interruption."

The plaintiffs are under the impression that the possession of Poston cannot be tacked on to the possession of Highshaw and Murphy to support the plea. They contend that there is no legal privity of contract because the title held by Poston was an absolute nullity and could not be such a title as to authorize the tacking of possession as a basis for a plea of prescription. They have cited no authorities to support their contentions. They do not question the right to tack possession if there was a privity between the parties. There is a privity of contract between Poston and Highshaw and Murphy. Highshaw acquired the property from Poston for a valuable consideration. Under the codal provisions referred to above, it is immaterial whether the possession of Poston was in good faith or not because the corporeal possession of the property as owners for a period of thirty years is sufficient to sustain the plea of thirty years acquisitive prescription. The plea was properly sustained by the lower court under the facts in this case.

For the reasons assigned, the judgment is affirmed at appellants' cost.